UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:10-cr-58-GFVT-HAI-1 |
| V. | ) | |
| KENNETH CHARLES BALL, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition [R. 197] filed by United States Magistrate Judge Hanly A. Ingram.[1] The Defendant, Kenneth Charles Ball, is charged with one violation of his supervised release conditions. *Id.* at 1. The single violation is for violating the condition of release the he "not commit another federal, state, or local crime." *Id.* at 2. Judgment was originally entered against the Defendant in September 6, 2012, after Mr. Ball was found guilty on four counts, which included: manufacturing 100 or more plants of marijuana; possession of an unregistered machinegun; possession of an unregistered short-barreled shotgun; and possession of an unregistered projectile grenade. *Id.* at 1. He was originally sentenced to 60 months followed by a five-year term of supervised release. *Id.* Mr. Ball began his term of supervised release on January 20, 2015. *Id.*

On October 24, 2016, the United States Probation Office issued a Supervised Release

---

[1] While the Defendant is not at risk of overserving his term of confinement, the Court notes the administrative delay in adopting the Magistrates Recommendation.

Violation Report which initiated these proceedings. *Id*. This report alleged one violation. *Id.*

The Report stated that US Probation Officer Derek Vonkx was told by Kentucky State Police Detective Billy Correll that, during an interview, Mr. Ball admitted to kissing a six-year-old child on the vagina and buttocks. *Id.* at 2. Mr. Ball then confirmed that this incident occurred. *Id.* Detective Correll told Officer Vonckx that the case would be presented to the McCreary County Grand Jury for an indictment. *Id.*

Afterwards, the Grand Jury returned an indictment charging Ball with one count of sexual abuse, first degree, and one count of sodomy, first degree. Specifically, the Grand Jury found that there was probable cause that Ball "committed the offense of: **Sexual Abuse in the First Degree** by subjecting [victim] . . . a child less than 12 years of age, to sexual contact," and "committed the offense of : **Sodomy in the First Degree** by engaging in deviate sexual intercourse with [victim] . . ., a child less than 12 years of age." (emphasis in original). Ball, ultimately, pleaded guilty in state court to the charges of sexual abuse in the first degree, in violation of KRS § 510.110, and sodomy in the second degree, in violation of KRS § 510.080. For each of these counts, Mr. Ball was sentenced to concurrent eight-year sentences. The conduct for which Ball pleaded guilty to constitutes a Grade A violation. *See* U.S.S.G. § 7B1.1(a)(1).

At the final revocation hearing, held on December 6, 2018, Mr. Ball competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report. [R. 193.] On December 11, 2018, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Ball's supervised release and a term of thirty months of imprisonment, to run consecutive to his state sentence of imprisonment, followed by a three-year term of supervised release. [R. 197 at

7.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. Like Mr. Ball's original convictions, including for possession of unregistered guns and a grenade, his current violation reveals dangerous tendencies. *Id.* at 6.

The Defendant's history and characteristics provide some mitigating factors. *Id.* Mr. Ball is older and suffers from post-traumatic stress disorder as a result of his military service. *Id.* And, Mr. Ball has accepted responsibility for his offense by pleading guilty in state court and stipulating to that same violation in this Court. *Id.* Here, acceptance of responsibility prevented the minor from reliving the trauma in either state or federal court. *Id.* at 7.

But the Defendant's mitigating factors do not relieve the need for an above Guidelines sentence. *Id.* Both parties accept as much. *Id.* A lengthier sentence is justified, first, by Mr. Ball's original below Guidelines sentence. *Id.* Secondly, it is demanded by the particularly heinous nature of his conduct. *Id.*

The need to deter criminal conduct weighs heavily in this case. *Id.* Because the Defendant's conduct shows he represents a risk to the most vulnerable individuals in society, the Court must act to decrease those risks. For that reason, the Court accepts Judge Ingram's recommendation of sex-offender conditions, including a residency restriction and a no-contact with minors provision. *Id.* at 8. The parties represented to the Court that Mr. Ball will receive sex-offender treatment in state court, but this Court nonetheless will require an additional risk assessment by the USPO. If USPO finds that the treatment was successful, then the USPO will report that information to the Court and early termination of supervision will be considered.

Finally, Mr. Ball's violation was a serious breach of the Court's trust. By committing the crime, he breached his promise to the Court that he would not commit another federal, state, or

local crime. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id*. at 9. *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Ball submitted a waiver of allocution. [R. 198.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 197**] as to Defendant Kenneth Charles Ball is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Ball is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Ball's Supervised Release is **REVOKED**;

4. Mr. Ball is **SENTENCED** to the Custody of the Bureau of Prisons for a term of thirty months of imprisonment, consecutive to any state sentence of imprisonment; and

5. A three-year term of supervised release under the same conditions originally

imposed [R. 144], along with the following additional sex-offender conditions:

    a) You must participate in a program for treatment of mental health/sexual disorders; must undergo a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed; must be subject to periodic polygraph examinations and/or Computer Voice Stress 10 Analysis (CVSA) testing, at the discretion and direction of the probation officer; and, must follow the rules and regulations of the sex offender treatment program as implemented by the probation office;

        a. If the results from the risk assessment demonstrate to the USPO that the sex-offender treatment you received while in state custody has been successful, the USPO shall inform the Court of its findings and explore early termination;

    b) Your residence and employment must be pre-approved by the probation officer and in compliance with state and local law;

    c) You must not frequent, volunteer, or work at places where children under the age of 18 congregate (e.g. playgrounds, parks, day-care centers, public swimming pools, youth centers, video arcade facilities) unless approved by the probation officer, and must have no contact with victims;

    d) You must not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 without the permission of the probation officer. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc., with whom you must deal in order to obtain ordinary and usual commercial services;

    e) You must register as a sex offender as prescribed by state law;

f) You must submit your person, residence, office, vehicle, or any property under your control to a search conducted by the United States Probation Office, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of supervision. You must inform any other residents that the premises may be subject to searches pursuant to this condition; and

6. Upon Defendant's release from state custody, the USPO shall inform the Court for the purposes of scheduling a status conference. Defense counsel Samuel Castle has agreed to a future temporary appointment to assist Defendant in understanding the terms of his conditions upon his release.

This the 12th day of June, 2019.

Gregory F. Van Tatenhove
United States District Judge